Kenneth J. Guido (Cal. Bar No. 040020)
Jo E. Mettenburg
Attorneys for Plaintiff
Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, D.C. 20549-0911
(202) 551-4480 (Guido)
(202) 772-9245 (fax)

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>MARY PATTEN, VALENVALLS INVESTMENT CORPORATION, LTD., SCOTT HAMILTON, and HAROLD MILLER,<br><br>Defendants. | Civil Docket No. 03-CV-8619 DSF (JLTx)<br><br>[~~PROPOSED~~] FINDINGS, ORDER AND FINAL JUDGMENT REGARDING DISGORGEMENT, PREJUDGMENT INTEREST, AND THIRD-TIER CIVIL MONEY PENALTIES AGAINST MARY PATTEN AND VALENVALLS INVESTMENT CORPORATION, LTD.<br><br>Hearing: June 20, 2005<br>1:30 p.m.<br><br>Courtroom 840<br><br>Honorable Dale S. Fisher |

cc: Fiscal



On February 7, 2005, the Court issued its Order Granting Securities and Exchange Commission's ("Commission") Application For Default Judgment Against Mary Patten and Valenvalls Investment Corporation, Ltd. ("Order"). In the Order the Court ordered the defendants to disgorge ill-gotten gains, pay prejudgment interest on the amount ordered to be disgorged, and to pay a third-tier civil money penalty. Order, pp. 15-16. On April 13, 2005, the Court ordered the Commission "to file a proposed order setting forth the proper amount of disgorgement, and a proposed order setting forth the proper disposition of such funds, and any documents necessary for the Court to determine the validity of its requests, on or before April 29, 2005."

The Commission, pursuant to the Court's April 13, 2005 Order, has now moved for an Order directing Patten and Valenvalls to pay $3,357,427.90 in disgorgement, prejudgment interest of $1,480,110.47 on that amount, and civil money penalties of $110,000 by Patten and $550,000 by Valenvalls.

The Court being fully advised, having read the Commission's Memorandum of Law and other submissions to the Court on the merits of the action, and there being no just reason for delay,

2

**THE COURT HEREBY FINDS AS FOLLOWS:**

**FINDINGS OF FACT**

1. On February 7, 2005, this Court granted the Plaintiff Securities and Exchange Commission's ("Commission") motion for a permanent injunction: (1) prohibiting defendants Patten and Valenvalls from violating the anti-fraud and securities registration provisions of the federal securities laws; (2) ordering the defendants to disgorge all ill-gotten gains and to pay prejudgment interest; and (3) ordering the defendants to pay ~~the maximum~~ third-tier DSR civil money penalties. In its order, the Court directed the Commission to submit for the Court's consideration a proposed order setting forth the proper amounts of disgorgement, prejudgment interest and civil money penalties.

2. The Commission has now submitted it recommendation that the defendants be jointly and severally liable to pay disgorgement of $3,357,427.90 and prejudgment interest of $1,480,110.47, and that civil money penalties in the amount of $110,000 be assessed against Patten and $550,000 be assessed against Valenvalls.

3. As this Court has found in its Order of February 7, 2005, Defendants Patten and Valenvalls blatantly defrauded the victims of the fraud. Patten and Valenvalls actively participated in a scheme with the other defendants in which material misrepresentations and omissions of material

3

fact were made in connection with the offer and sale of securities to potential investors. The Court specifically found that Patten and Valenvalls misrepresented to potential investors in connection with the offer or sale of the securities that:

(a) investors would receive individual accounts at Valenvalls, described as an 'international financeria' that could trade bonds, currency, real estate, and securities;

(b) Valenvalls would pay investors a 20 percent return on their investment; and

(c) Valenvalls would provide the potential investors with a guarantee of principal.

4. Moreover, the Court found that Patten and Valenvalls sent investors account statements falsely stating that the investors' funds were earning 20 percent in individual Valenvalls accounts when, in fact, Patten had converted most of the investors' funds to her personal use without informing investors or obtaining their consent.

5. The defendants Patten and Valenvalls have essentially ignored the proceedings in this Court, not provided any defense for their actions, and have shown no remorse for their actions.

6. The defendants Patten and Valenvalls have obtained $5,100,000 from the victims of their fraudulent actions, but were forced to return $1,665,000 to the victims in actions brought against them and their affiliates. Consequently, the victims of this scheme have unreimbursed losses of $3,357,427.90 that had been diverted fraudulently to Patten's owns purposes.

7. The amount of prejudgment interest on $3,357,427,90 of ill-gotten gains is $1,480,110.47.

8. The Commission has recommended that third-tier civil money penalties of $110,000 be imposed on Patten and $550,000 be imposed on Valenvalls.

### CONCLUSIONS OF LAW

#### Disgorgement

1. As the Court ruled in its February 7, 2005 Order (paragraph 7 of its Conclusions of Law), this Court may order disgorgement of ill-gotten gains in Commission enforcement actions. *See SEC v. First Pacific Bancorp*, 142 F.3d 1186, 1191 (9th Cir. 1998); *SEC v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993). In addition, as this Court also determined in its February 7, 2005 Order (paragraph 7 of its Conclusions of Law), the amount of disgorgement that should be order is "an amount that is a reasonable

approximation of the profits causally connected to the violation." *First Pacific Bancorp*, 142 F.3d at 1192 n.6.

2. This Court has broad equity powers to order the disgorgement of "ill-gotten gains" obtained through Patten and Valenvalls violation of the securities laws. *SEC v. First Pacific Bancorp*, 142 F.3d at 1191. As the Ninth Circuit has recognized, disgorgement is designed to deprive a wrongdoer of unjust enrichment, and to deter others from violating securities laws by making violations unprofitable. *SEC v. First Pacific Bancorp*, 142 F.3d at 1191; *SEC v. Rind*, 991 F.2d at 1491.

3. "[W]here two or more individuals or entities collaborate or have a close relationship in engaging in the violations of the securities laws, they have been held jointly and severally liable for the disgorgement of illegally obtained proceeds." *SEC v. First Pacific Bancorp*, 142 F.3d at 1191-92. The Court is not required to trace every dollar of the proceeds fraudulently obtained. The amount ordered to be disgorged needs to be only a reasonable approximation of profits causally connected to the violation. *SEC v. First Pacific Bancorp*, 142 F.3d at 1192 n.6.

4. In this case, holding Patten and Valenvalls jointly and severally liable for the $3,357.427.90 illegally obtained from the investors and not repaid is appropriate. Patten played a crucial role in directing the illegal

gotten funds to the Valenvalls bank account. Valenvalls profited from the deposit of the funds in its account, and Patten benefited from diverting the investors' funds from the Valenvalls account to her own purposes in violation of the trust placed in her by the investors. Patten, as sole owner of Valenvalls, and Valenvalls clearly enjoyed a "close relationship" with each other. Therefore, it clearly appropriate to hold them jointly and severally liable for their violations of the securities laws.

**Prejudgment Interest**

5. As this Court also ruled in its February 7, 2005 Order (paragraph 8 Conclusions of Law), the Commission is entitled to prejudgment interest on the disgorged amount to ensure that the wrongdoer does not profit from the illegal activity. *SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1105 (2d Cir. 1972); *SEC v. Cross Fin. Servs., Inc.*, 908 F. Supp. 718, 734 (C.D. Cal. 1995). The post-judgment interest rate mandated by 28 U.S.C. § 1961 is the appropriate rate at which to calculate pre-judgment interest in this case. *See Western Pacific Fisheries, Inc. v. S. S. President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984).

6. The amount of prejudgment interest calculated in accordance with the guidance in 28 U.S.C. § 1961 is $1,480,110.47.

7

### Civil Money Penalties

7. As the Court recognized in its February 7, 2005 Order (paragraph 9 Conclusions of Law), "Patten's and Valenvalls' violation were egregious, recurrent, and involved a high degree of scienter." Therefore, their actions warrant the imposition of a third-tier civil money penalty, which in this case may be $110,000 per violation against an natural person (Patten) and $550,000 per violation against another person (Valenvalls). *See* Exchange Act § 21(d)(B)(iii) as adjusted by 17 C.F.R. § 201.1001 (raising third tier penalties to $110,000 per violation for natural persons and $550,000 per violation for other persons).

### Disgorgement Deadline

9. An action for disgorgement in Commission actions is equitable in nature. *SEC v. Rind*, 991 F.2d at 1493; see also *SEC v. Lipson*, 278 F.3d 656, 662 (7th Cir. 2002). Since a disgorgement order is "an injunction in the public interest," a court can enforce that order with its contempt powers. *SEC v. Huffman*, 996 F.2d 800, 802-803 (5th Cir. 1993); *SEC v. AMX, International, Inc.*, 7 F.3d 71, 72-73 (5th Cir. 1993).

10. A deadline for payment of disgorgement is necessary and appropriate in this case because it provides clear and convincing evidence whether a defendant has (or has not) complied with this Court's order by

paying the disgorgement amount. *See, e.g., SEC v. Deyon*, 977 F. Supp. 510, 519 (D. Me. 1997), *aff'd* 201 F.3d 428 (1st Cir. 1998) and *SEC v. Phoenix Telecom, L.L.C.*, 231 F. Supp. 2d 1223, 1226 (N.D. Ga., 2001); *SEC v. Freeman*, 290 F. Supp. 2d 401, 407-08 (S.D.N.Y. 2003); *SEC v. Musella*, 818 F. Supp. 600, 604 (S.D.N.Y. 1993).

11. The Court therefore concludes that the Commission's request that the Court's order include a 30 day time period for Patten and Valenvalls to comply with its order to pay disgorgement and prejudgment interest is appropriate in the circumstances.

**Distribution Plan**

12. The Commission has broad discretion in fashioning, and the Court in authorizing, distribution plans for funds like the disgorgement funds in this case. *SEC v. Certain Unknown Purchasers*, 817 F.2d 1018, 1020 (2d Cir. 1987), cert. denied, 484 U.S. 1060 (1988); *SEC v. Levine*, 881 F.2d 1165, 1182 (2d Cir. 1989); *In re Drexel Burnham Lambert Group, Inc.*, 995 F.2d 1138, 1146 (2d Cir. 1993). Accordingly, the Commission has requested that all moneys be paid to the registry of the Court to be placed in an interest bearing account by the Clerk. The Court has concluded that this approach is not only necessary, but appropriate in the circumstances of this

9

case where the total amount of funds available for distribution is not currently clear.

**THEREFORE,**

**I.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT** defendant Patten and Valenvalls are jointly and severally liable for disgorgement of $3,357,427.90, representing the net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,480,110.47, and defendant Patten is liable for a civil money penalty of $110,000 and defendant Valenvalls is liable for a civil money penalty of $550,000 pursuant to Exchange Act § 21(d)(B)(iii) as adjusted by 17 C.F.R. 201.1001 (raising third-tier penalties to $110,000 per violation for natural persons and $550,000 per violation for other persons). Each Defendant shall satisfy its obligations by paying the amounts ordered within thirty (30) calendar days of the date of this Judgment and Order to the Clerk of this Court, together with a cover letter identifying themselves (Mary Patten and Valenvalls Investment Corporation, Ltd.) as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. The defendants shall simultaneously

transmit photocopies of such payments and letters to the Commission's counsel in this action. By making these payments, Defendants relinquish all legal and equitable rights, titles, and interests in such funds, and no part of the funds shall be returned to the defendants. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC §1961.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED THAT** the Clerk shall deposit the funds into an interest bearing account. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the Clerk until further order of the Court. In accordance with 28 U.S.C. §1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund

distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, further benefit by offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED THAT** the Court shall retain jurisdiction of this action in order to ensure compliance with the terms of this and other orders issued in this action.

**SO ORDERED**

Date: 6/22, 2005

Dale S. Fischer
United States District Judge

13

# NOTICE PARTY SERVICE LIST

Case No. CV03-8619-DSF (JTL) Case Title SEC -v- PATTEN, et al.

Title of Document ~~JUDGMENT & PERMANENT INJUNCTION ORDER~~ Findings, Order & Final Jgmt

| | | | | |
|---|---|---|---|---|
| | Atty Sttlmnt Officer | | | Stratton, Maria - Federal Public Defender |
| | BAP (Bankruptcy Appellate Panel) | | | US Attorneys Office - Civil Division -L.A. |
| | Beck, Michael J (Clerk, MDL Panel) | | | US Attorneys Office - Civil Division - S.A. |
| | BOP (Bureau of Prisons) | | | US Attorneys Office - Criminal Division -L.A. |
| | CA St Pub Defender (Calif. State PD) | | | US Attorneys Office - Criminal Division -S.A. |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | | US Bankruptcy Court |
| | Case Asgmt Admin (Case Assignment Administrator) | | ✓ | US Marshal Service - Los Angeles (USMLA) |
| | | | | US Marshal Service - Riverside (USMED) |
| | Catterson, Cathy (9th Circuit Court of Appeal) | | | US Marshal Service -Santa Ana (USMSA) |
| | Chief Deputy Admin | | ✓ | US Probation Office (USPO) |
| | Chief Deputy Ops | | | US Trustee's Office |
| | Clerk of Court | | | Warden, San Quentin State Prison, CA |
| | Death Penalty H/C (Law Clerks) | | | |
| | Dep In Chg E Div | | | |
| | Dep In Chg So Div | | | |
| ✗ | Fiscal Section | | | |
| | Intake Section, Criminal LA | | | |
| | Intake Section, Criminal SA | | | |
| | Intake Supervisor, Civil | | | |
| | Interpreter Section | | | |
| | PIA Clerk - Los Angeles (PIALA) | | | |
| | PIA Clerk - Riverside (PIAED) | | | |
| | PIA Clerk - Santa Ana (PIASA) | | | |
| ✓ | PSA - Los Angeles (PSALA) | | | |
| | PSA - Riverside (PSAED) | | | |
| | PSA - Santa Ana (PSASA) | | | |
| | Schnack, Randall (CJA Supervising Attorney) | | | |
| | Statistics Clerk | | | |

**ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name:

Firm:

Address *(include suite or floor)*:

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

Initials of Deputy Clerk